UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA *ex rel.*
STACY ERWIN OAKES, ERWIN
PROPERTIES, LLC, and ERWIN
COMPANIES, LLC,

                 Plaintiffs,                         Case Number 18-13540
                                                       Honorable David M. Lawson

v.

CINNAIRE a/k/a GREAT LAKES CAPITAL
FUND NONPROFIT HOUSING CORP.,
MICHIGAN STATE HOUSING
DEVELOPMENT AUTHORITY, FIFTH
THIRD BANK, PNC FINANCIAL
SERVICES f/k/a NATIONAL CITY BANK,
NATIONAL CITY COMMUNITY
DEVELOPMENT CORP., ERWIN
ESTATES GP, LLC, COMMERCIAL
ALLIANCE, TEAM ONE CREDIT UNION,
JP MORGAN CHASE BANK, GREAT
LAKES CAPITAL FUND FOR HOUSING
LIMITED PARTNERSHIP XII,
GLCFH XII, INC., LDHA, and ERWIN
ESTATES,

                 Defendants.

_____/

## ORDER GRANTING MOTION TO UNSEAL RECORD AND TO SUPPLEMENT THE RECORD AND DENYING SECOND MOTION FOR INDICATIVE RULING

     This matter is before the Court on two motions by the plaintiff.  The plaintiff moves to

unseal the entire record of the case and represents that government counsel has been consulted and

does not oppose that request.  That request will be granted.  The plaintiff also asks permission to

file certain papers as supplements to a second motion for an indicative ruling.  The Court has

considered that request and finds that it should be granted under the circumstances.

The plaintiff also has filed a second motion for an indicative ruling on her prayer for relief under Federal Rule of Civil Procedure 60(b).  That motion seeks substantially the same relief as the plaintiff's three prior motions for post-judgment relief and indicative rulings.  The Court denied those motions for post-judgment relief and later denied a motion for reconsideration of its ruling.  The grounds advanced in the plaintiff's renewed attempt to secure the same relief are no more persuasive than her prior efforts, and she seeks merely to rehash arguments already considered and addressed by the Court.  Moreover, the gravamen of the second motion is merely another request for reconsideration of the prior orders of the Court, but the plaintiff has failed to identify any palpable defect in the Court's rulings.  The motion therefore will be denied.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).  "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court."  E.D. Mich. LR 7.1(h)(3).

The present motion adds nothing new and merely reiterates the same unpersuasive arguments advanced in the prior motions.  The plaintiff has not identified any error of fact or law by which the Court was misled to its conclusions that the post-judgment motions were without merit and the relief sought in part was jurisdictionally unavailable.

Accordingly, it is **ORDERED** that the plaintiff's motion to unseal the record and for leave to supplement her second motion for an indicative ruling (ECF No. 94) is **GRANTED**.  The Clerk

of Court is directed to **UNSEAL** all remaining sealed filings in this matter.  The papers submitted

as exhibits to the second motion for an indicative ruling are deemed **FILED**.

It is further **ORDERED** that the plaintiff's second motion for an indicative ruling (ECF

No. 92) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 17, 2020